320125 consolidated with 320294 in remarriage of Elsa Tronsrue and George Tronsrue, appellant. Mr. Hammond and Mr. Boyd, Justice McDade is a fully participating member of the panel. She's unable to be here at this time but she has the benefit of your written briefs, of course the record, and will also have the benefit of the oral arguments that you'll be making today. So for the record I want to inform you that she is the third member of this panel. Thank you, Justice Holdridge. Mr. Hammond, you may proceed. Thank you, Justice Holdridge. Good afternoon. Sean Hammond, H-A-M-A-N-N of Lake Tobacco, Dominico, on behalf of the appellant George Tronsrue. May it please the court and counsel. Justices, we appear before your honors today following something that the circuit court admitted it could not do by court order and the appellee has conceded could not be done by court order. Divide disability benefits as property of a retired service member George Tronsrue. The justification set forth by the circuit court, which is the primary argument advanced by the appellee, is that because the property division was contained in a property settlement agreement, which was incorporated into a judgment, the court had subject matter jurisdiction. That is simply wrong and that is simply wrong for two reasons, Justices. First, as the marital settlement indicates, that provision was based on a ruling of the circuit court. And secondly, and more importantly, it is a distinction without a difference under Title 10 of the United States Code, which is precisely why when the United States Supreme Court in Manzell v. Manzell, when on whether or not the parties had agreed, but found that the court order was void, as Justices, we respectfully suggest your honors should. Turning to the merits of the case, the marital settlements agreement indicates very plainly that, and I will quote here, based upon the court's ruling that 37.2% of husbands' Army disability retirement pay and VA disability pension is marital, the wife shall receive. And it proceeds on from there. Initially, Justices, as we indicated in our brief, there are orders setting the matter for ruling by the circuit court as to the marital nature of the pension and the marital nature of the disability benefits. And then we have the marital settlement agreement containing the recordation that the ambiguous, we find nothing ambiguous about it. Quite simply, the circuit court ruled, and the parties put that into their marital settlement agreement. However, as I indicated, it is largely a distinction without a difference whether or not Justice Albright and Justice Holdrege, you think it is a agreement because Title 10 of the United States Code 1408, A in the definition section, in subsection two, defines a court order to include an approved property settlement incident to such degree. This is, even if you were to accept the argument that this is an approved property settlement, it is nevertheless a court order under Title 10 of the United States Code. Therefore, this is simply preempted. It is void. It cannot be enforced. And the circuit court's finding of contempt is simply wrong. The provision is void ab initio. As we set forth, Justices, we sent, Your Honors, a motion to provide supplemental authority to courts, which we think addressed very almost identical factual circumstances, is Lutz versus Lutz and the Minnesota case of Mattson. In both of those proceedings brought following a settlement agreement before their respective courts. In Lutz, the circuit court held that the former serviceman was not in contempt for his failure to pay when he ceased paying. And in the Mattson court, they found that the payor was in contempt for his failure to pay. However, both cases were reversed, finding that because the provisions were void under Manzell, and as the United States Supreme Court affirmed in Howell, the recent decision in 2017, this is simply an area of federal law. While the appellee has stated that subject matter jurisdiction refers to a general class of cases, that is not correct. While a circuit court can hear the general class of cases of divorce, it cannot hear what it is in the second district, Hudson, Holstrom, I apologize, dealt with the issue relative to social security benefits. Many of the same considerations apply. You have a federal act that makes this exclusive province of the federal court. And just as it was in Holstrom, the provision here is void ab initio, cannot be enforced and cannot serve as the basis for contempt. The court simply lacks subject matter jurisdiction to enter an order, whether that order be an order approving a property settlement or an order directly from the court. Under either circumstance, such an order is void. As we look here, there is no question that this is property. There is no question this is a property settlement. Unlike the cases that went up before the United States Supreme Court, this is an instance where there is not a retirement benefit that was reduced by a disability. This is simply on all fours, a disability benefit treated as property divided in the property settlement agreement. It cannot happen as a matter of law. It is void. Justices, you consolidated the appeals for the purpose of oral arguments. And the second appeal arose from attorney's fees related to the contempt finding for his failure to comply with what is, we assert, a void order. Under 508B, fees can only issue if there is noncompliance with an order without a compelling cause or justification. Mr. Transrue had a compelling cause or justification, which is that the circuit court lacked subject matter jurisdiction to order anything as related to this property. This is outside the province of the state court, plain and simple, from start to finish. Similarly, in Mattson before the Minnesota courts, the court remanded and suggested that if it were a conduct based order in the fees in that case, that the conduct order should be revisited in light of the reversal of the finding of contempt. Justices, we suggest that that same ruling is correct in this instance. Mr. Transrue had a compelling cause and justification for the noncompliance with the increased amount of disability benefits that Ms. Transrue sought. His compelling cause or justification was there was no legal basis to do it. It was a void order. It is a void order. It will be a void order. With a void order, there is no enforcement and there cannot be enforcement. The only thing that the circuit court had jurisdiction to do was declare that provision void as he sought in his motion to dismiss. There was a lack of subject matter jurisdiction in the first instance. The court order underlying it was wrong, under Title 10 as it defines a court order, and it is a non-assignable property. It is not something that the circuit court could divide as it did, and therefore, it cannot serve as the basis of contempt. He sought to assert that. He asserted it before the trial court. He asserted it throughout, and he asserts it before the appellate court. Justices, simply, we believe that when you are serve as the basis for 508B fees. It did not lack a compelling cause or justification. The fact that he was correct on the law is, we feel, the most compelling cause or justification for noncompliance. He asserted it from the start and had the trial court acted in conformity with the established United States Supreme Court precedent, it would have done the right thing, and he never would have been held in contempt in the first place. Therefore, to penalize him for attorney's fees and costs that were incurred after he asserted from the outset that the trial court had no subject matter jurisdiction to enforce an unenforceable and void property settlement, we suggest that that is more than sufficient, that is compelling, and that is a cause or justification for his noncompliance. Justices, unless the court has any other questions, I will reserve the remainder of my time for rebuttal. You'll have five minutes in reply, Mr. Hammond. Any questions for the bench? No. Okay, thank you. Mr. Boyd, you may respond. Justices, thank you very much. The counsel is correct that this is a jurisdictional issue in the sense that the court certainly had personal jurisdiction over the parties. Nobody's contesting that whatsoever. The subject matter jurisdiction arises out of the court's ability to grant a dissolution of marriage, and akin to that or adjacent to that is its ability to either try all of the property issues and make a determination or to accept an agreement that the parties have reached prior to that determination by the court. That's what happened here. The parties disposed of all of the assets, liabilities, everything that was raised in the dissolution of marriage proceedings through this marital settlement agreement. The issue of the disability pension or disability payments was raised within the trial court, but it was never ruled on despite the language in the marital settlement agreement. Counsel didn't read the entire language from it. The parties agree that based upon the court's ruling that 37.2 percent of the husband's army disability will be dealt with. There was no ruling ever made by the court. I'm not sure why that language was inserted. It seems contrary to what ultimately the court decided in accepting the marital settlement agreement. I'm not sure that anybody intended to put that language in there because the record's clear that there was no such ruling by the trial court anywhere along the line. There may have been a pretrial and recommendations may have been made, but as often happens, particularly in dissolution of marriage cases, you may not accept everything that the trial judge says his opinion is, but you either go to trial and run the risk of him imposing that where you can then appeal it or you accept whatever the recommendation is and incorporate that into the rest of the agreement. That language is the only problematic area here at all, and I think it is has not been explained properly by anyone. I didn't draft the agreement. Counsel didn't draft the agreement. Counsel did, however, have his client's participation in the contempt proceedings. No testimony of Mr. Trondru was ever offered to explain why this language was there, what it meant, why he entered into the agreement that he did. He didn't testify to anything. He filed pleadings, verified pleadings, made allegations, but never testified in his defense even after the rule issued. Counsel did explain that they had supplemented their brief, with no objection from me, with additional citations. The third citation that he didn't mention in his argument is Yorko, Y-O-U-R-K-O versus Yorko, out of the state of Virginia. It deals with virtually the exact same set of facts that we have here, and I just want to quote the language from that case that seems particularly relevant, better stated than I can make it. It reads, importantly, neither Congress nor the United States Supreme Court has ever placed any limits on how a received in, I'm sorry, how a veteran can use the personal entitlement once it has been received. In other words, federal law does not prohibit a veteran from using military disability pay in any manner, or any manner he or she sees fit, provided the money is paid directly to the veteran first. Indeed, it expressly permits such usage. That's what was done here. No obligation was put on the government to cut the check to Mr. Trondru. It was his obligation in the agreement that he reached in the marital settlement agreement, a valid contract. Nobody has disputed that it was unconscionable or against public policy. That's never been raised. All he did was take the funds that were available to him, and decide to pay them to his ex-wife. That case, in its entirety, is very similar to the one that is before the court, with essentially the same results. The appellate court had overturned it in Virginia. The trial court had held him in contempt, but the Supreme Court ultimately found that the settlement agreement, the contract between the parties was enforceable. It wasn't in violation of federal law, and should be complied with. The allegations that... The contempt proceedings, again, offered no testimony from Mr. Trondru. No information about the apparent ambiguity that's contained in the marital settlement agreement, but he certainly didn't testify to anything that would negate the effect of this agreement, accepted by the court, approved by the court, and incorporated into the judgment. We're asking that the trial court's opinion be maintained. Counsel, can you please distinguish Holstrom? I think I can. I don't believe it has to do... I don't have it right now. Holstrom is a social security disability case, but it has the same kind of anti-alienation language in it. In Holstrom, which is a Second District, Illinois case, the court said that the rights of persons of any future payments could not be assignable to another, and the court found that the provision was void and not enforceable. Judge, in this situation, we're not asking the withholding order to come from the Veterans Administration or anything else. This is simply a financial arrangement that the parties agreed to. Whether the money came out of a separate account, or it came out of his paycheck as he was receiving it, all this provision does is use a calculation as to what that amount is going to be. So you're saying that, in effect, it's a reference to establish the metric for the obligation of the obligor to the obligee. Correct. It does not state that the funds have to come out of this source of revenue for Mr. Trandreau, only that this is how the amount is going to be calculated, and he has to pay it. But it's part of property division. It's not an order of maintenance. It is not an order of maintenance. It doesn't terminate upon death or remarriage or anything else. It is simply a division of the marital estate in one fashion or another. Simply because they negotiated and came up with this contract doesn't mean that he necessarily was giving those funds directly out of the receipt from the veteran disability. He wasn't, I apologize, he wasn't obligated to pay it out of those funds, only that he had to pay X number of dollars as part of the settlement agreement. Any other questions? No. Thank you, counsel. Thank you. Mr. Hammond? Thank you, justices. What I did not hear in the Appelee's argument is how Title X, Section 1408's definition of a court order is not implicated in this case. What I did not hear from the Applee was how you could possibly reconcile Manziel, which went up on a property settlement agreement, with their position that the fact that it was a property settlement agreement controls. The answer is you simply cannot by the black letter law contained in the United States Code. Notably after Manziel, the United States Supreme Court said to the legislature explicitly in the opinion, if you don't like this ruling, you are free to change the statute. It, our Congress never has. Our Congress has continued to allow it to go forward and Howell reaffirmed Manziel. Justice Albrecht, to your question about Holstrom and at 268 through 69, I believe got to the core of the matter. Just as in Holstrom, this is not a family support payment. This is a property settlement. While Mr. Boyd says that it doesn't have to be tied to the percentage order of the This is somebody who's saying, well, an indemnity provision is not the same thing as a direct payment. And when, although we had cited it as title 18 in our brief, and we apologize, it is title 38. At least we were consistent. However, title 38 of the United States Code indicates to clarify that these are non-assignable benefits. This is not something that can be assigned by That matches up directly with the definition section from title 10 section 1408. It matches up directly with the United States Supreme Court precedent. It matches up directly with the second district's holding in Holstrom. The idea that a court order is a court order is very clear in the United States Code. Whether it is a court order ratifying a property settlement agreement or not, and I didn't, although the police said it was clear that it was not based on a ruling, I didn't hear anything ambiguous about the language that the parties use. But as we've said, either way, that is largely a red herring, Justices, because either way, the United States Code treats it as a court order when it comes to veteran disability. This is not an instance where retirement benefits were reduced because of the receipt of disability benefits. These were disability benefits earned in the line of service that were immediately disability benefits. These were disability benefits that were expressly divided as a property settlement agreement. And in fact, their property settlement agreement even references the same former spouses act that is discussed in Manziel. The fact that the court got it wrong is not a basis to move forward. The parties cannot vest the court with subject matter jurisdiction. And Holstrom talked about, although you have the general class of cases, that applies to everything that isn't federally preempted. That is what is consistently held, Justices. Federal preemption prompts general subject matter jurisdiction over a class of cases. Because while the court can have subject matter jurisdiction over the divorce, it does not apply to the federally preempted asset, which is outside of the purview of the state court. It is outside of the purview to order in ratifying an agreement. It is outside of the purview of the court to order in the first instance. As a property settlement agreement, unrelated to family support, which is dealt with separately in their property settlement agreement, this is an impermissible division of property that the court never had subject matter jurisdiction to The only conclusion in the face of a lack of subject matter jurisdiction is that the order is void. Because the order is void, Mr. Transrue had the most compelling cause and justification for any non-compliance. There never should have been a contempt order in the first place, and thus there never should have been fees. The award of 508B fees should be reversed in conjunction with the reversal of the contempt finding. And the order of this court, that provision of their marital settlement agreement, is void ab initio. Notably, their marital settlement agreement does contain a severability clause such that the remainder is unaffected by their own terms. Justices, we ask the court to reverse both the award of fees as well as the finding of contempt, find that that provision of the agreement is void, excuse me, that provision of the court order as defined by federal courts is void, and reverse. Thank you, Your Honor. Any questions for counsel? No. Thank you, counsel, both for your arguments in this matter this afternoon. It will be taken under advisement. A written disposition shall issue.